OPINION OF THE COURT
James F. Niehoff, J.
Motion by plaintiff, Mary Grace Pucillo, to schedule a joint municipal hearing pursuant to section 50-h of the General Municipal Law is denied.
The plaintiff has seen fit to serve a notice of claim against the three separate and distinct municipalities named as defendants in the above-captioned matter. On the present motion, the plaintiff seeks an order directing the scheduling of a joint municipal hearing in order to save unnecessary inconvenience or expense. The County of Nassau refuses to consent to a joint examination and has heretofore served a demand for examination pursuant to subdivision 1 of section 50-h of the General Municipal Law.
The parties agree that there is no authority under the statute, or any case law which would require a joint hearing to be held when an action involves multiple municipal defendants. The court notes that subdivision 3 of section 50-h of the General Municipal Law provides that “[t]he transcript of the record of an examination shall not be *129 subject to or available for public inspection, except upon court order upon good cause shown, but shall be furnished to the claimant or his attorney upon request.” In the opinion of the court the possible inconvenience or added expense to a claimant cannot override the obvious intent of the Legislature to prevent public inspection and disclosure of the records of examinations prior to the inception of a lawsuit which is likely to -occur if multiple municipal defendants are to be compelled to participate in a joint hearing. Consequently, the court holds that the County of Nassau is entitled to the separate hearing which it demands. That being so, the plaintiff’s motion to direct the scheduling of a joint municipal hearing is denied.
(On motion to reargue, July 6, 1981)
Motion by plaintiff for an order granting her leave to reargue this court’s prior order of May 8, 1981 is denied.
The plaintiff seeks an order requiring the three defendant municipalities to schedule a joint municipal hearing pursuant to section 50-h of the General Municipal Law. That application is opposed by the defendant County of Nassau and by order dated May 8, 1981 this court denied the plaintiff’s request for such an order. Upon this motion the plaintiff argues that this court erred in so doing. The court feels otherwise.
No case or statutory law is cited by plaintiff under which a municipality can be compelled to forfeit the right to hold its own private hearing, i.e., the right to hold a separate hearing without having the other municipalities present and, as indicated in the order of May 8,1981, subdivision 3 of section 50-h of the General Municipal Law indicates that the transcripts of such hearings are to be available only to the claimant prior to the institution of a lawsuit, thereby confirming the county’s contention that the other municipalities should not be present at the hearing to be conducted by the county.
In view of the foregoing the court denies reargument herein.